OPINION
{¶ 1} Appellant, Franklin J. Taylor, appeals the December 7, 2001 judgment entry, in which the Lake County Court of Common Pleas denied his motion to withdraw his guilty pleas pursuant to Crim.R. 32.1.
 {¶ 2} On January 11, 2000, appellant was charged by way of information with four counts of gross sexual imposition, in violation of R.C. 2907.05. Pursuant to the information, it was alleged that appellant had sexual contact with his two minor step-granddaughters, who were under the age of thirteen.[1] On January 26, 2000, appellant entered a written and oral plea of guilty to all four counts. The trial court accepted the written guilty plea. A sentencing hearing commenced on February 28, 2000, which also included the sexual offender classification hearing pursuant to R.C. 2950.09(B). Appellant was sentenced to four years for each count with the sentences running consecutively. He was also adjudicated a sexual predator. Appellant filed an appeal in which he argued that the sexual predator label was against the manifest weight of the evidence. This court held that the trial court did not err in adjudicating appellant a sexual predator and affirmed the judgment of the trial court in State v. Taylor (Nov. 9, 2001), 11th Dist. No. 2000-L-060, 2001 WL 1401957.
 {¶ 3} On August 16, 2001, while his appeal was pending, appellant filed a motion to withdraw his guilty pleas. He claimed that his pleas were not made knowingly, intelligently, and voluntarily because the trial court failed to inform him of the possibility that the sentences could run consecutively.[2] Appellant also alleged that he was deprived of the effective assistance of trial counsel because his attorneys failed to have a psychologist evaluate his competency prior to the entry of the guilty pleas.
 {¶ 4} A hearing on the motion to withdraw the guilty pleas was held on December 6, 2001. On December 7, 2001, the trial court denied the motion to withdraw his pleas. It is from that entry that appellant timely filed the instant appeal and now raises a single assignment of error:
 {¶ 5} "The trial court abused its discretion by denying [appellant's] motion to withdraw his guilty plea."
 {¶ 6} For his sole assignment of error, appellant contends that the trial court erred when it denied his motion to withdraw his guilty pleas because the evidence presented at the hearing demonstrated that appellant was under the influence of numerous medications, was depressed, and was not competent to enter the plea.
 {¶ 7} A Crim.R. 32.1 motion is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's position in support of the motion are matters to be resolved by that court. State v. Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus. See, also, State v. Stumpf (1987), 32 Ohio St.3d 95, 104. An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 8} Pursuant to Crim.R. 32.1, to withdraw a guilty plea after the imposition of sentence, a defendant bears the burden of proving that such a withdrawal is necessary to correct a manifest injustice. Smith, supra, 49 Ohio St.2d at paragraph one of the syllabus. A manifest injustice is determined by examining the totality of the circumstances surrounding the guilty plea. State v. Talanca (Dec. 23, 1999), 11th Dist. No. 98-T-0158, 1999 WL 1313669, at 2-3. Although there is no time limit for filing a Crim.R. 32.1 motion, an undue delay between the occurrence of the alleged cause for the withdrawal of a guilty plea and the filing of a Crim.R. 32.1 motion is a factor that may adversely affect the credibility of the defendant and weighs against allowing a defendant's plea to be withdrawn. Smith, supra, at paragraph three of the syllabus.
 {¶ 9} Before accepting a guilty plea, the trial court must inform the defendant that by pleading guilty, he is waiving the rights listed in Crim.R. 11(C)(2)(c). State v. Gibson (1986), 34 Ohio App.3d 146, 147. "The waiver must be voluntary, intelligently and knowingly made and the defendant must understand the nature of the charges against him and the consequences of his plea of guilty. Otherwise, it is in violation of due process and is therefore void." State v. Buchanan (1974), 43 Ohio App.2d 93,96.
 {¶ 10} In the case sub judice, appellant's Crim.R. 32.1 motion was made more than one and one-half years after he entered his guilty plea. In the motion, appellant argued that his plea was not voluntarily, knowingly, or intelligently made due to the ineffective assistance of his trial counsel because he was not mentally competent at the time he entered the guilty pleas.[3] Appellant stated that he was under the influence of several medications when he entered his pleas, and that he was depressed and not competent to enter the pleas.
 {¶ 11} At the plea hearing, the following colloquy took place:
 {¶ 12} "THE COURT: You understand the charges that you are requesting the Court to accept guilty pleas carry a penalty of 1 to 5 years and a fine of up to $10,000, which if I run it together, consecutive, you could be looking at 20 years and $40,000 in fines?
 {¶ 13} "THE DEFENDANT: Yes, sir.
 {¶ 14} "* * *
 {¶ 15} "THE COURT: Do you further understand that there have been no promises made by this Court, the Prosecutor's Office, or your Counsel, or anyone else, as to any leniency that may be granted to you as an inducement for this Court accepting your plea?
 {¶ 16} "THE DEFENDANT: Yes, sir.
 {¶ 17} "* * *
 {¶ 18} "THE COURT: Have you had time to discuss this matter with [your attorney], although this is her recommendation, this is your own voluntary act to enter into this plea? You are doing this by yourself, she is recommending it?
 {¶ 19} "THE DEFENDANT: She is recommending.
 {¶ 20} "THE COURT: You are the one —
 {¶ 21} "THE DEFENDANT: I am the one that has to make the decision.
 {¶ 22} "THE COURT: That's right. Do you understand that?
 {¶ 23} "THE DEFENDANT: I understand that.
 {¶ 24} "THE COURT: Are you satisfied with the representation of [your attorney?]
 {¶ 25} "THE DEFENDANT: Yes, they have been very good.
 {¶ 26} "* * *
 {¶ 27} "THE COURT: Are you under the influence of any drugs, alcohol, or medication?
 {¶ 28} "* * *
 {¶ 29} "THE DEFENDANT: Yes, sir.
 {¶ 30} "THE COURT: What?
 {¶ 31} "THE DEFENDANT: I take 12 different types of medicines for, daily, for rheumatoid arthritis, I am on prednisone.
 {¶ 32} "THE COURT: * * * Have those medicines that you are on, do they prevent you from understanding what's going on here today?
 {¶ 33} "THE DEFENDANT: No, sir.
 {¶ 34} "THE COURT: Have you consumed any drugs, other than what you mentioned, or alcohol within the last 48 hours?
 {¶ 35} "THE DEFENDANT: No, sir, I don't drink.
 {¶ 36} "* * *
 {¶ 37} "THE COURT: Are you under any medication for mental illness?
 {¶ 38} "THE DEFENDANT: No, sir.
 {¶ 39} "THE COURT: Have you ever been hospitalized in a hospital for the mentally ill?
 {¶ 40} "THE DEFENDANT: Yes, sir.
 {¶ 41} "* * *
 {¶ 42} "THE COURT: You were never committed?
 {¶ 43} "THE DEFENDANT: No.
 {¶ 44} "THE COURT: Okay. You have been treated, but you understand what's going on here today?
 {¶ 45} "THE DEFENDANT: Yes. I am mentally competent. * * *"
{¶ 46} We conclude that the foregoing plea colloquy demonstrated that appellant was lucid at the time he entered his pleas. In addition, a psychological evaluation took place on February 7, 2000, and a letter was written on December 5, 2001, by the psychologist who was retained by appellant and his attorneys. After reviewing both documents, it is our position that appellant was competent when he entered his guilty pleas. Further, based on the record before us, it appears as though appellant understood what he was doing when he knowingly, intelligently, and voluntarily entered into the guilty pleas. We conclude that appellant has failed to satisfy his burden of proving the existence of a manifest injustice. Appellant has also not demonstrated that the trial court abused its discretion in denying his Crim.R. 32.1 motion. Therefore, this assertion is without merit.
{¶ 47} Appellant also argues that his counsel was ineffective, but he offers no testimony to support his argument. However, appellant's attorney could have raised this issue in his prior direct appeal, but did not. Appellant's attorney in the prior direct appeal differed from his attorney at the trial court level, but the only issue advanced in the prior appeal was his sexual predator label. A properly licensed attorney is presumed to have rendered effective assistance to his client. Statev. Smith (1985), 17 Ohio St.3d 98, 100. In order to demonstrate ineffective assistance of counsel in the context of a guilty plea, a defendant must show that "(1) counsel's performance was deficient and (2) the defendant was prejudiced by the deficient performance in that there is a reasonable probability that, but for counsel's error(s), the defendant would not have pled guilty." State v. Madeline, 11th Dist. No. 2000-T-0156, 2002-Ohio-1332, 2002 WL 445036, at 3.
{¶ 48} In the instant matter, throughout his arguments, appellant has failed to present any evidence that his counsel performed deficiently. In fact, at the plea hearing he stated that his legal representation was very good. Appellant has failed to allege that but for his counsel's errors, he would not have entered guilty pleas. The fact that appellant was on twelve different medications does not provide a basis to show that his attorneys were ineffective as there was nothing to demonstrate that he was incompetent. There was also no evidence presented at the plea hearing of appellant's incompetence. In fact, in open court appellant stated that his legal representation was "very good." Hence, based on the record before us, we do not conclude that appellant received ineffective assistance of counsel. Appellant's arguments lack merit.
 {¶ 49} For the foregoing reasons, appellant's lone assignment of error is not well-taken. The judgment of the Lake County Common Pleas Court is affirmed.
Judgment affirmed.
Judith A. Christley and Diane V. Grendell, JJ., concur.
[1] Specifically, the victims were six and eight years old.
[2] This ground was subsequently withdrawn since appellant's attorney conceded that the trial court properly notified appellant of the possibility of consecutive sentences.
[3] We note that the ineffective assistance of counsel argument should have been raised in the direct appeal, and is therefore barred by the doctrine of res judicata. In the direct appeal, appellant only challenged the trial court's adjudication of him as a sexual predator. Nonetheless, we will address the argument for purposes of this appeal.