OPINION
{¶ 1} Appellant, John M. Woodliff, appeals from the January 7, 2004 judgment entry of the Portage County Court of Common Pleas, denying appellant's motion to withdraw his guilty plea.
 {¶ 2} On July 9, 1999, appellant was secretly indicted in Case No. 99 CR 0224 by the Portage County Grand Jury on one count of felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2), with a firearm specification in violation of R.C. 2929.14(D) and R.C.2941.145; one count of aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1) and (B), with a firearm specification in violation of R.C. 2929.14(D) and R.C. 2941.145; one count of aggravated burglary, a felony of the first degree, in violation of R.C.2911.12(A)(1) and (B), with a firearm specification in violation of 2929.14(D) and R.C. 2941.145; one count of failure to comply with order or signal of police officer, a felony of the fourth degree, in violation of R.C. 2921.331(B) and (C)(1) and (3); and one count of grand theft, a felony of the fourth degree, in violation of R.C. 2913.02(A)(1) and (B).[1] At his arraignment on July 12, 1999, appellant entered a plea of not guilty by reason of insanity.[2]
 {¶ 3} The trial court ordered a competency evaluation on July 15, 1999. A hearing was held on September 20, 1999. Pursuant to its September 23, 1999 judgment entry, the trial court determined that appellant was competent to stand trial.
 {¶ 4} On November 10, 1999, appellee filed a bill of information pursuant to Crim.R. 7, charging appellant with an additional count of aggravated robbery, a felony of the first degree, in violation of R.C.2911.01(A)(1) and (B), with a firearm specification in violation of R.C.2929.14(D) and R.C. 2941.145.[3] Appellant filed a waiver of indictment on November 15, 1999, which was accepted by the trial court. Also, on November 15, 1999, appellant filed two separate written pleas of guilty. Appellant's first written plea of guilty involved the aggravated robbery with the firearm specification charge contained in the bill of information. Appellant's second written plea of guilty involved two counts in the indictment: count two, aggravated robbery, and count three, aggravated burglary, both of which carried firearm specifications. The trial court entered a nolle prosequi to counts one, four, and five of the indictment.
 {¶ 5} Pursuant to its November 15, 1999 judgment entry, the trial court noted that appellant entered into a negotiated plea and sentencing.[4] The trial court accepted appellant's written pleas of guilty and adopted the jointly recommended sentence. According to the agreed sentence, the trial court sentenced appellant to three years for each firearm specification as charged in counts two and three of the indictment, and the bill of information, to be served consecutively; three years on count two of the indictment, and three years for the aggravated robbery charge in the bill of information, which were to be served concurrent to each other, but consecutive to the firearm specifications; three years on count three of the indictment, to be served concurrent to the foregoing charges but consecutive to the firearm specifications, for a total aggregate term of twelve years. The trial court additionally noted that appellant was to receive credit for one hundred twenty-nine days.
 {¶ 6} Appellant filed motions for judicial release, pursuant to R.C.2929.20, on November 3, 2000, and on January 28, 2003, which were denied by the trial court.
 {¶ 7} On January 5, 2004, appellant filed a pro se motion to withdraw his guilty plea, pursuant to Crim.R. 32.1, with respect to all three counts. Pursuant to its January 7, 2004 judgment entry, the trial court denied appellant's motion. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 8} "[1.] The trial court erred by accepting appellant's guilty pleas to charges of alleged actions occurring in another venue, in violation of Section 10 of Article I of the Ohio Constitution.
 {¶ 9} "[2.] [Appellant] received ineffective assistance of counsel in violation of his rights pursuant to the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.
 {¶ 10} "[3.] The trial court erred by accepting appellant's guilty plea without first finding that appellant was aware that the court could immediately proceed to judgment and sentencing upon acceptance of his plea, pursuant to Crim.R. 11."
 {¶ 11} In his first assignment of error, appellant argues that the trial court erred by accepting his guilty pleas to charges of actions occurring in another venue. Appellant stresses that the record reveals that the bill of information expresses the venue as one other than that of the trial court, there is no allegation that the alleged actions were part of a continuing course of conduct, and there is no allegation that any of the elements of the charges took place within the venue of the trial court.
 {¶ 12} This court stated in State v. Taylor, 11th Dist. No. 2002-L-005, 2003-Ohio-6670, at ¶ 7-9, that:
 {¶ 13} "[a] Crim.R. 32.1 motion is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's position in support of the motion are matters to be resolved by that court. State v. Smith (1977), 49 Ohio St.2d 261 * * *, paragraph two of the syllabus. See, also, State v. Stumpf (1987), 32 Ohio St.3d 95, 104
* * *. An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157 * * *.
 {¶ 14} "Pursuant to Crim.R. 32.1, to withdraw a guilty plea after the imposition of sentence, a defendant bears the burden of proving that such a withdrawal is necessary to correct a manifest injustice. Smith, supra, * * * at paragraph one of the syllabus. A manifest injustice is determined by examining the totality of the circumstances surrounding the guilty plea. State v. Talanca (Dec. 23, 1999), 11th Dist. No. 98-T-0158, 1999 WL 1313669, at 2-3. Although there is no time limit for filing a Crim.R. 32.1 motion, an undue delay between the occurrence of the alleged cause for the withdrawal of a guilty plea and the filing of a Crim.R. 32.1 motion is a factor that may adversely affect the credibility of the defendant and weighs against allowing a defendant's plea to be withdrawn. Smith, supra, at paragraph three of the syllabus.
 {¶ 15} "Before accepting a guilty plea, the trial court must inform the defendant that by pleading guilty, he is waiving the rights listed in Crim.R. 11(C)(2)(c). State v. Gibson (1986), 34 Ohio App.3d 146, 147
* * *. `The waiver must be voluntary, intelligently and knowingly made and the defendant must understand the nature of the charges against him and the consequences of his plea of guilty. Otherwise, it is in violation of due process and is therefore void.' State v. Buchanan (1974),43 Ohio App.2d 93, 96 * * *." (Parallel citations omitted.)
 {¶ 16} R.C. 2901.12 governs venue in criminal cases and provides in part that:
 {¶ 17} "(A) The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in a territory of which the offense or any element of the offense was committed.
 {¶ 18} "* * *
 {¶ 19} "(C) When the offense involved the unlawful taking or receiving of property or the unlawful taking or enticing of another, the offender may be tried in any jurisdiction from which or into which the property or victim was taken, received, or enticed.
 {¶ 20} "* * *
 {¶ 21} "(H) When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. * * *"
 {¶ 22} "Venue is neither a jurisdictional issue nor a material element of a criminal offense." State v. McCartney (1988), 55 Ohio App.3d 170, citing State v. Loucks (1971), 28 Ohio App.2d 77. "Venue is a personal privilege. It is a fact which the state must prove beyond a reasonable doubt unless waived by the accused." McCartney, supra, citing State v.Headley (1983), 6 Ohio St.3d 475, 477. A defendant's guilty plea precludes him from challenging the factual issue of venue. McCartney,
supra; State v. Calhoun (Apr. 4, 1997), 11th Dist. No. 96-G-1971, 1997 Ohio App. LEXIS 1336, at 6.
 {¶ 23} In the case at bar, appellant pleaded guilty pursuant to a negotiated plea and sentence. The record reflects that the negotiated plea and sentence were understood by appellant, recommended jointly by the parties, and approved by the trial court. See Crim.R. 11; R.C. 2953.08(D).
 {¶ 24} At the November 12, 1999 plea and sentencing hearing, the prosecutor stated the Crim.R. 11(F) negotiations on the record, and indicated that:
 {¶ 25} "[Appellant], Your Honor, is present with counsel and Your Honor, pursuant to [Crim.R.] 11(F) negotiations, I believe we've come to a resolution of this matter.
 {¶ 26} "[Appellee] has prepared a written plea of guilty to the indictment, and that written plea of guilty is to aggravated robbery, a felony of the first degree with a firearm specification, aggravated burglary, a felony of the first degree with a separate firearm specification.
 {¶ 27} "In addition to that, Your Honor, a bill of information has been filed. The bill of information contains an aggravated robbery, a felony of the first degree with another firearms specification, and this occurred in Summit County. I believe this was, all occurred on one day. I've talked to the Summit County authorities and with [appellant's] attorney, and I believe they're going to waive any jurisdiction or venue issue here.
 {¶ 28} "[Appellee has] prepared a waiver of indictment, which I have a signature in here, right here, which I anticipate is [appellant's] signature.
 {¶ 29} "Your Honor, further, pursuant to [Crim.R.] 11(F) negotiations, those three firearms specifications by law would run consecutive. [Appellee] further through [Crim.R.] 11(F) negotiations would recommend, and I believe the parties are in agreement, that a sentence of three years to the Ohio Department of Corrections on each charge, the two counts of aggravated robbery and the one count of aggravated burglary would be imposed, and those three years on each of those three charges would run concurrent, but they would run consecutive to the three firearms specifications. So, we're talking about 12 years in prison, Your Honor.
 {¶ 30} "I have the written pleas of guilty that have been executed, and the waiver of indictment that's been executed on the bill of information, and with the Court's permission I would present that to the Court."
 {¶ 31} In response, appellant's counsel stated that:
 {¶ 32} "Your Honor, we are in agreement with the statement of the prosecutor, Your Honor. I've advised [appellant] of his Constitutional Rights, Your Honor, and I've advised him of the maximum sentences, and he's chosen to plead today and waive those rights, Your Honor."
 {¶ 33} In addition, the trial judge asked appellant the following:
 {¶ 34} "* * * Do you understand on this matter from Summit County that you are asked to waive indictment on that, do you understand you have a right to have that considered by a Grand Jury of that county, however you may waive indictment and waive jurisdiction and submit to this Court?"
 {¶ 35} Appellant responded, "Yes."
 {¶ 36} The foregoing plea colloquy demonstrates that appellant was clearly aware of the venue issue regarding the Summit County charge, and that appellant waived the issue. Based on the record before us, it appears as though appellant understood what he was doing when he knowingly, intelligently, and voluntarily entered into the guilty pleas. We conclude that appellant has failed to satisfy his burden of proving the existence of a manifest injustice. Appellant has also not demonstrated that the trial court abused its discretion in denying his Crim.R. 32.1 motion.
 {¶ 37} In addition, appellant's contention that Calhoun, supra, is inapplicable because there was a factual dispute regarding venue is not well-taken. In Calhoun, the appellant argued that the state failed to include in the indictment information concerning where the offense was committed. Calhoun, supra, at 3. However, in that case, the indictment revealed that the offense was committed in the Village of Chardon, Geauga County, Ohio. Id. at 3-4. Thus, this court indicated that there was no factual dispute regarding venue and the trial court had subject matter jurisdiction over the proceedings. Id. at 4.
 {¶ 38} Here, the bill of information states that the offense occurred in Summit County. Again, the record establishes that appellant was aware of and waived the venue issue with respect to the Summit County charge. Further, because appellant committed offenses in different jurisdictions as part of a course of criminal conduct, venue lies for all the offenses in any jurisdiction in which he committed one of the offenses or any element. R.C. 2901.12(A), (C), and (H); State v. Fowler (1985),27 Ohio App.3d 149, paragraph four of the syllabus; State v. Beuke
(1988), 38 Ohio St.3d 29, 36. Appellant's first assignment of error is without merit.
 {¶ 39} In his second assignment of error, appellant alleges that he received ineffective assistance of counsel. Appellant stresses that his counsel was ineffective for failing to object or move for dismissal of charges and permitting appellant to enter a guilty plea where the record reveals that the bill of information expresses the venue as one other than that of the trial court, there is no allegation that the actions were part of a continuing course of conduct, and there is no allegation that any of the elements of the charges took place within the venue of the trial court.
 {¶ 40} Strickland v. Washington (1984), 466 U.S. 668, 687 states:
 {¶ 41} "[a] convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable."
 {¶ 42} "* * * When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at paragraph two of the syllabus. State v. Bradley
(1989), 42 Ohio St.3d 136, 142, quoting Strickland, supra, at 694, states: "[t]o warrant reversal, `(t)he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"
 {¶ 43} This court stated in State v. Rudge (Dec. 20, 1996), 11th Dist. No. 95-P-0055, 1996 Ohio App. LEXIS 5807, at 35-36, that: "`[s]trategic and tactical decisions will not form the basis of a claim of ineffective assistance of counsel, even if there had been a better strategy available to him. * * *' `"Errors of judgment regarding tactical matters do not substantiate a claim of ineffective assistance of counsel." * * *.' State v. Lundgren (Apr. 22, 1994), [11th Dist. No. 90-L-15-125, 1994 Ohio App. LEXIS 1722], at 40-41."
 {¶ 44} In the case sub judice, the record shows that appellant's counsel successfully negotiated a favorable plea and concurrent sentence for three felonies, as well as dismissals on three charges. Based onStrickland, supra, appellant has failed to demonstrate that his counsel was deficient, or that such deficiency resulted in prejudice to appellant. Appellant has failed to allege that but for counsel's errors, he would not have entered guilty pleas. See Bradley and Strickland,
supra. Again, appellant and his counsel waived the issue of venue regarding the Summit County offense, which is evident from the plea colloquy. As such, appellant's counsel was not deficient for failing to raise an objection to the venue issue. Appellant's second assignment of error is without merit.
 {¶ 45} In his third assignment of error, appellant contends that the trial court erred by accepting his guilty pleas without first finding that he was aware that the court could immediately proceed to judgment and sentencing upon acceptance of his pleas pursuant to Crim.R. 11. Appellant stresses that his pleas were not knowing, voluntary, or intelligent.
 {¶ 46} Crim.R. 11(C) provides that:
 {¶ 47} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 48} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 49} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 50} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 51} "A trial court must strictly comply with the constitutional requirements of Crim.R. 11(C)(2)(c)." State v. Scarnati (Feb. 22, 2002), 11th Dist. No. 2001-P-0063, 2002 Ohio App. LEXIS 776, at 11, citing Statev. Higgs (1997), 123 Ohio App.3d 400, 403. "However, while strict compliance is preferred, a trial court need not exercise strict adherence when discussing the non-constitutional requirements of Crim.R. 11(C)(2)(a) and (b)." Scarnati, supra, at 11, citing State v. Nero
(1990), 56 Ohio St.3d 106, 108. "A guilty plea is valid if a trial court substantially complies with the language of Crim.R. 11(C)(2)(a) and (b)."Scarnati, supra, at 11. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waving." Nero, supra, at 108. "Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made." Id. (Citations omitted.)
 {¶ 52} In the instant matter, based on the totality of the circumstances, the nonconstitutional requirements of Crim.R. 11(C)(2)(a) and (b) have been substantially met. Again, the trial court engaged in a lengthy plea colloquy with appellant. In particular, during the plea hearing, the trial court asked appellant if he understood the nature of the charges that he was pleading to, advised him of the maximum penalties involved, and stated that by entering a guilty plea he could be sentenced that day. Appellant responded in the affirmative to each inquiry.
 {¶ 53} In addition, appellant voluntarily entered his written pleas of guilty on two separate forms, which expressly provided that appellant was informed by his attorney and the trial judge of the effect and consequences of his guilty pleas, that appellant understood them, and that the trial court could immediately proceed with judgment and sentencing upon accepting his guilty pleas. There is no evidence in the record that appellant stated any concern or opposition to the trial court's imposition of the agreed sentence immediately following its acceptance of appellant's guilty pleas on November 15, 1999.
 {¶ 54} We must note that appellant did not raise the instant issue with the trial court until January 5, 2004, when he filed a motion to withdraw his guilty pleas. The record does not support the conclusion that appellant's guilty pleas were not knowing, voluntary, and intelligent. The passage of more than four years before appellant filed his Crim.R. 32.1 motion to withdraw his guilty pleas undermines any prejudice. See Scarnati, supra, at 21.
 {¶ 55} Also, the record rebuts any claim that there was not strict compliance with the constitutional requirements of Crim.R. 11(C)(2)(c). At the sentencing hearing, the trial court informed appellant that by pleading guilty, he was waiving his right to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to have his guilt proven beyond a reasonable doubt. When asked if he understood each of these rights, appellant responded in the affirmative. Appellant's written guilty pleas further demonstrate that he understood the constitutional rights that he was waving. Appellant's third assignment of error is without merit.
 {¶ 56} For the foregoing reasons, appellant's assignments of error are not welltaken. The judgment of the Portage County Court of Common Pleas is affirmed.
Grendell, J., Rice, J., concur.
[1] According to the brief of appellee, the state of Ohio, following a dispute with his girlfriend on July 3, 1999, appellant, armed with a Remington shotgun, car-jacked a vehicle in Summit County. Appellant then stole a second vehicle at gunpoint in Portage County, and later forcibly entered his ex-wife's house where he threatened her at gunpoint. Appellant apparently discharged the weapon into the kitchen ceiling, fled his ex-wife's house, and led police officers on a high speed chase before surrendering in Mahoning County.
[2] Appellant also entered a written plea of not guilty by reason of insanity on August 5, 1999.
[3] Appellee originally filed a bill of information on November 4, 1999, which listed Case No. 99 CR 0364. The November 10, 1999 bill of information listed Case No. 99 CR 0224 and specifically provided that: "[o]n or about the 3rd day of July, 1999, at the county of Summit, state of Ohio, [appellant] did in attempting, or committing a theft offense, as defined in [R.C.] 2913.01, or in fleeing immediately after the attempt or offense, have a deadly weapon or dangerous ordnance, as defined in [R.C.] 2923.11, on or about his person or under his control, to wit: Remington shotgun and did display the weapon, brandish it, indicate that he [possessed] it, or used said weapon."
[4] The November 15, 1999 judgment entry listed Case No. 99 CR 0224. On January 10, 2001, the trial court filed a nunc pro tunc judgment entry which added Case No. 99 CR 0364, the case number from the November 4, 1999 bill of information.