OPINION
{¶ 1} Eric J. Gibson appeals from the judgment of the Geauga County Court of Common Pleas, sentencing him to imprisonment for making false alarms. We affirm.
 {¶ 2} November 1, 2006, Mr. Gibson was charged by way of information with making false alarms, a felony of the fourth degree, in violation of R.C. 2917.32(A)(1) and (C) and (5), on or between August 6, 2006, and September 18, 2006. It appears *Page 2 
from a statement by the trial court at the sentencing hearing this charge arose from a bomb threat to a Wal-Mart in Middlefield, Ohio. Mr. Gibson, represented by counsel, executed a written waiver of his right to prosecution by way of grand jury indictment the same day the information was filed; and, the matter proceeded to hearing, the trial court accepting a plea of guilty, which was entered as a judgment filed November 8, 2006. The trial court ordered a presentence investigation and report made.
 {¶ 3} Sentencing hearing was held December 5, 2006. By a judgment entry filed December 18, 2006, the trial court sentenced Mr. Gibson to serve fifteen months imprisonment, less jail time served. Mr. Gibson timely noticed this appeal, assigning one error:
 {¶ 4} "The trial court abused its discretion by accepting appellant's invalid plea."
 {¶ 5} In support of his assignment of error, Mr. Gibson emphasizes the following: (1) at the sentencing hearing, he denied making any threatening phone calls to Wal-Mart; (2) and, that the trial court never explained to him the elements of the crime of making false alarms. He further notes the information did not specify the date or exact conduct constituting his crime, and that there was little discussion of the offending conduct at his hearings. Premised on this, Mr. Gibson argues his guilty plea was not made voluntarily, intelligently, and knowingly.
 {¶ 6} Crim.R. 11(C)(2) sets forth those matters which a trial court must inform a defendant of before accepting a plea of guilty or no contest. It provides:
 {¶ 7} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following: *Page 3 
 {¶ 8} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 9} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 10} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 11} The matters subject of Crim.R. 11(C)(2)(c) are constitutional, and strict compliance by the trial court with the rule is required in presenting them to a defendant. State v. Woodliff, 11th Dist. No. 2004-P-0006, 2005-Ohio-2257, at ¶ 51. However, the requirements of Crim.R. 11(C)(2)(a) and (b) are not constitutional. Thus, substantial compliance by the trial court in presenting the matters subject of these portions of the rule is sufficient. Id. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."State v. Nero (1990), 56 Ohio St.3d 106, 108.
 {¶ 12} In this case, the trial court clearly complied with all requirements of Crim.R. 11(C)(2). At the November 1, 2006 plea hearing, the trial court informed Mr. *Page 4 
Gibson of the nature of the charge against him, and asked whether he understood the charge and had spoken to defense counsel regarding it. He replied he did.
 {¶ 13} It informed him of the degree of felony involved, the penalties which might be imposed, and asked him whether he understood these issues. He replied yes.
 {¶ 14} It asked him whether he was willing to proceed on the basis of the information filed, and was willing to waive indictment by the grand jury. He was.
 {¶ 15} It asked him whether he understood a plea of guilty meant admission he committed the crime charged. He replied yes.
 {¶ 16} It asked him whether he understood he was waiving all possible defenses. He replied yes.
 {¶ 17} It asked him whether any threats or inducements to plead had been offered. He said no.
 {¶ 18} It asked him his age, which was twenty-four at the time. It asked him whether he could read and understand the charge against him: he stated he could. It asked him whether he is a United States citizen. He is.
 {¶ 19} It asked him whether he was on medication, intoxicated, mentally ill or incompetent, or under a psychiatrist's care. Mr. Gibson replied no to each question.
 {¶ 20} The trial court asked Mr. Gibson whether he knew he was waiving his rights to trial; to have the state prove him guilty beyond a reasonable doubt; to face and confront the witnesses against him; and, to use compulsory process to call witnesses on his behalf. Mr. Gibson replied yes to each question.
 {¶ 21} The trial court asked Mr. Gibson if he understood he could not be required to testify, and that this could not be held against him. He did. *Page 5 
 {¶ 22} Mr. Gibson's real arguments are that the trial court did not explain to him the elements of the crime of making false alarms, and that no record was made at either the plea or sentencing hearings of the conduct allegedly constituting his crime.
 {¶ 23} "It is not always necessary to explain all of the elements of the crime, as long as the trial court can make a determination from the totality of the circumstances that the defendant understands the charge." State v. Lane (Nov. 19, 1999), 11th Dist. Nos. 97-A-0056, 97-A-0057, and 97-A-0058, 1999 Ohio App. LEXIS 5490, at 7, citingState v. Rainey (1982), 3 Ohio App.3d 441, 442. In this case, Mr. Gibson stated at his plea hearing he understood the charge against him, and had discussed it with his counsel. As he notes, at his sentencing hearing, he denied ever making threatening phone calls to Wal-Mart. However, this denial does not cloud the issue of whether he understood the charge against him: it clarifies that he did. At the time Mr. Gibson made this denial, no mention had been made previously on the record of the conduct constituting his crime. Obviously, therefore, Mr. Gibson understood why he was charged.
 {¶ 24} Under the totality of the circumstances, there is no question Mr. Gibson's plea was made voluntarily, intelligently, and knowingly, and that the trial court fully complied with the requirements of Crim.R. 11(C)(2)(c).
 {¶ 25} The assignment of error is without merit.
 {¶ 26} The judgment of the Geauga County Court of Common Pleas is affirmed.
 DIANE V. GRENDELL, J., MARY JANE TRAPP, J., concur. *Page 1