[Cite as *State v. Wulff*, 2011-Ohio-5146.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 94087**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALEX WULFF

DEFENDANT-APPELLANT

**JUDGMENT:
APPLICATION FOR REOPENING GRANTED IN PART
(MOTION NO. 444348), SENTENCE VACATED IN PART, AND
REMANDED FOR RESENTENCING**

Cuyahoga County Common Pleas Court
Case No. CR-518412
Application for Reopening
Motion No. 444348

**RELEASE DATE:** October 4, 2011

**FOR APPELLANT**

Alex Wulff, Pro Se
No.A571-010
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By:     Mary McGrath, Esq.
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

JAMES J. SWEENEY, J.:

**{¶ 1}**   Alex Wulff has filed a timely application for reopening pursuant to App.R. 26(B).   Wulff is attempting to reopen the appellate judgment, as rendered in *State v. Wulff*, Cuyahoga App. No. CA-94087, 2011-Ohio-700, which affirmed his conviction for the offenses of murder, tampering with evidence, and abuse of a corpse.   For the following reasons, we grant the application for reopening in part, reinstate Wulff's appeal, vacate his sentence as to postrelease control, and remand for resentencing on postrelease control consistent with this opinion.

**{¶ 2}** In order to establish a claim of ineffective assistance of appellate counsel, Wulff must demonstrate that appellate counsel's performance was deficient and that, but for the deficient performance, the result of his appeal would have been different. *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. Specifically, Wulff must establish that "there is a genuine issue as to whether he was deprived of the assistance of counsel on appeal." App.R. 26(B)(5).

**{¶ 3}** "In *State v. Reed* [supra, at 458] we held that the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel was deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, at 25.

**{¶ 4}** It is also well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. *Jones v. Barnes* (1983), 463 U.S. 745, 77 L.Ed.2d 987, 103 S.Ct. 3308. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. *Jones v. Barnes*, supra;

*State v. Grimm*, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; *State v. Campbell*, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339.

{¶ 5} In *Strickland v. Washington,* supra, the United States Supreme Court also stated that a court's scrutiny of an attorney's work must be deferential. The court further stated that it is too tempting for a defendant/appellant to second-guess his attorney after conviction and appeal and that it would be all to easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Finally, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments and the importance of winnowing out weaker arguments on appeal and focusing on one central issue or at most a few key issues. *Jones v. Barnes*, supra.

{¶ 6} In the case sub judice, Wulff raises three proposed assignments of error in support of his claim of ineffective assistance of appellate counsel. Specifically, Wulff argues that his appellate counsel was ineffective for failing to assign as error the trial court's failure to inquire into his competency to enter a plea of guilty, the trial court's

failure to advise him of his right to compulsory process, and the trial court's imposition of five years of postrelease control.

{¶ 7} Initially, we find that the plea colloquy, that occurred during the hearing conducted on June 8, 2009, demonstrates that Wulff was lucid when entering his plea of guilty to the offenses of murder, tampering with evidence, and abuse of a corpse. In addition, the competency evaluation of Wulff established that he was able to understand the nature and objectives of the court proceedings and that he was able to assist in his defense. *State v. Taylor*, Lake App. No. 2002-L-005, 2003-Ohio-6670. It must also be noted that Wulff is not rendered incompetent to stand trial or enter a plea of guilty because he is being treated with medicinal drugs. *State v. Borchers*, 101 Ohio App.3d 157, 655 N.E.2d 225. Wulff's first proposed assignment of error is not well taken and consideration of the issue of competency on appeal would not have resulted in a different outcome.

{¶ 8} Wulff, through his second proposed assignment of error, argues that the trial court failed to advise him of his right to compulsory process. An additional review of the plea hearing of June 8, 2009, demonstrates that the trial court explained the constitutional right of compulsory process in a manner reasonably intelligent to Wulff. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621; *State v. Ballard* (1981), 66 Ohio St.2d 473, 423 N.E.2d 115. Wulff's second proposed assignment of

error is not well taken and consideration of the issue of compulsory process on appeal would not have resulted in a different outcome.

{¶ 9} Wulff, through his third proposed assignment of error, argues that the trial court erred by imposing a term of five years of postrelease control with regard to the offenses of tampering with evidence and abuse of a corpse. We agree.

{¶ 10} R.C. 2967.28(B) and (C) provide in pertinent part that: "a period of post-release control required by this division for an offender shall be of the following periods: * * * (3) For a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person, *three* years. * * *." (Emphasis added.) Herein, the offenses of tampering with evidence and abuse of a corpse are felonies of the third degree. The imposition of five years of postrelease control for third degree felonies constitutes reversible error. It must also be noted that the trial court is required to inform Wulff that a violation of postrelease control could allow the parole board to impose an additional prison term of up to one-half of the stated prison term originally imposed at sentencing. See *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958.

{¶ 11} Accordingly, we grant the application for reopening in part, reinstate this appeal to the active docket, vacate the sentence of the trial court solely as to the imposition of postrelease control, and remand to the trial court for the proper imposition of postrelease control. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d

332; *State v. Street*, Cuyahoga App. No. 85020, 2005-Ohio-1976, reopening granted, 2006-Ohio-21.

It is, therefore, ordered that appellant recover of the appellee his costs herein taxed.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27, of the Rules of Appellate Procedure.

_____
JAMES J. SWEENEY, JUDGE


PATRICIA ANN BLACKMON, P.J., and
MELODY J. STEWART, J., CONCUR