[Cite as *State v. Lozada*, 2012-Ohio-8.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 94902**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EDWIN LOZADA

DEFENDANT-APPELLANT

**JUDGMENT:**
**APPLICATION FOR REOPENING GRANTED (MOTION NO.**
**444726), CONVICTION VACATED IN PART,**
**SENTENCE VACATED IN PART, AND**
**REMANDED FOR RESENTENCING**

Cuyahoga County Common Pleas Court
Case No. CR-523795-A
Application for Reopening
Motion No. 444726 and 444727

**RELEASE DATE:** January 4, 2012

**ATTORNEY FOR APPELLANT**

Peter Galyardt
Assistant State Public Defender
250 East Broad St., Suite 1400
Columbus, OH 43215

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By: Katherine Mullin
Assistant County Prosecutor
The Justice Center
1200 Ontario, 8th Floor
Cleveland, OH 44113

KENNETH A. ROCCO, J.:

{¶ 1} In *State v. Lozada*, Cuyahoga County Court of Common Pleas Case No. CR-523795, applicant, Edwin Lozada, was found guilty by a jury of: two counts of aggravated murder, each with one-year, three-year and five-year firearm specifications; felonious assault, with one-year, three-year and five-year firearm specifications; and tampering with evidence. This court affirmed that judgment in *State v. Lozada*, Cuyahoga App. No. 94902, 2011-Ohio-823. The Supreme Court of Ohio denied Lozada's motion for a delayed appeal. *State v. Lozada*, 129 Ohio St.3d 1448, 2011-Ohio-4217, 951 N.E.2d 1045.

{¶ 2} Lozada has filed with the clerk of this court a timely application for reopening. He asserts that he was denied the effective assistance of appellate counsel

because appellate counsel did not assign as error that: 1) the trial court committed plain error by entering a judgment of conviction on count two, aggravated murder under R.C. 2903.01(B) with attempted murder and felonious assault as the underlying, predicate offenses; 2) the trial court committed plain error by sentencing Lozada to two, five-year terms on firearm specifications that were committed in connection with two felonies as part of the same act or transaction; and 3) trial counsel was ineffective for failing to object to the trial court's errors asserted in Lozada's first and second proposed assignments of error.

{¶ 3} We grant the application for reopening as well as reinstate his appeal, vacate Lozada's conviction in part, vacate his sentence in part, and remand for resentencing with respect to the firearm specifications. As required by App.R. 26(B)(6), the reasons for our decision follow.

{¶ 4} In *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant. "In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel was deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable

claim' of ineffective assistance of counsel on appeal." Id. at 25.

{¶ 5} In his first proposed assignment of error, Lozada argues that the trial court committed plain error by entering a judgment of conviction on count two, aggravated murder under R.C. 2903.01(B) with attempted murder and felonious assault as the underlying, predicate offenses. Lozada was charged with offenses occurring in 2009. At that time, R.C. 2903.01(B) provided: "No person shall purposely cause the death of another or the unlawful termination of another's pregnancy while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, kidnapping, rape, aggravated arson, arson, aggravated robbery, robbery, aggravated burglary, burglary, terrorism, or escape." Clearly, attempted murder and felonious assault are not listed among the predicate offenses.

{¶ 6} Lozada correctly observes that, although the trial court merged the two aggravated murder counts for sentencing, his conviction under count two for violating R.C. 2903.01(B) is not authorized by law. Compare *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶31 ("[E]ven when the sentences are to be served concurrently, a defendant is prejudiced by having more convictions than are authorized by law").

{¶ 7} The state concedes that Lozada's having been charged and tried for aggravated murder with attempted murder and felonious assault as the predicate offenses was error. Additionally, the state acknowledges that vacating Lozada's conviction with respect to count two is the proper remedy. Appellee's Memorandum in Response, at 4.

{¶ 8} In his second proposed assignment of error, Lozada argues that the trial court committed plain error by sentencing Lozada to two five-year terms on firearm specifications that were committed in connection with two felonies as part of the same act or transaction. He observes that R.C. 2929.14(D)(1)(c) then provided: "A court shall not impose more than one additional prison term on an offender under division (D)(1)(c) of this section for felonies committed as part of the same act or transaction."

{¶ 9} The state acknowledges that R.C. 2929.14(D)(1)(c) requires that the trial court merge Lozada's five-year specifications. Appellee's Memorandum in Response, at 5. The state argues, however, that the trial court erred by not imposing an additional three-year firearm specification. R.C. 2929.14(D)(1)(g) requires the trial court to impose the two most serious specifications if the defendant has been convicted of multiple felonies at least one of which is aggravated murder or felonious assault, among others.

{¶ 10} We decline to determine the propriety of the state's position regarding the three-year specification. Rather, we vacate Lozada's sentence with respect to the firearm specifications and remand the case for resentencing with respect to the firearm specifications.

{¶ 11} In his third proposed assignment of error, Lozada contends that trial counsel were ineffective for failing to object to the trial court's errors asserted in Lozada's first and second proposed assignments of error. In light of our determination of his first two proposed assignments of error, Lozada's third proposed assignment of error is moot.

{¶ 12} Accordingly, we: grant the application for reopening; reinstate Lozada's appeal; vacate his conviction with respect to count two, aggravated murder under R.C. 2903.01(B); vacate his sentence with respect to the firearm specifications; and remand this case for resentencing with respect to the firearm specifications. See, e.g., *State v. Wulff*, Cuyahoga App. No. 94087, 2011-Ohio-700, reopening granted in part, sentence vacated in part, and remanded for resentencing, 2011-Ohio-5146; *State v. Alhajjeh*, Cuyahoga App. No. 93077, 2010-Ohio-3179, reopening allowed, 2011-Ohio-2160; and *State v. Douglas*, Cuyahoga App. No. 88367, 2007-Ohio-2625, reopening granted, 2007-Ohio-5941.

Application for reopening granted (Motion No. 444726), conviction vacated in part, sentence vacated in part, and remanded for resentencing.

It is, therefore, ordered that appellant recover of the appellee his costs herein taxed.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27, of the Rules of Appellate Procedure.


KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., AND
LARRY A. JONES, CONCUR