[Cite as *State v. Lozada*, 2012-Ohio-4599.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98083**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EDWIN LOZADA

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-523795

**BEFORE:** Stewart, P.J., S. Gallagher, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 4, 2012

**ATTORNEY FOR APPELLANT**

Ruth Fischbein-Cohen
3552 Severn Road, Suite 613
Cleveland Heights, OH    44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Scott Zarzycki
            Mary Court Weston
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

**{¶1}** This appeal by defendant-appellant Edwin Lozada is from a resentencing on a firearm specification following a limited remand by this court. Lozada complains that the court failed to advise him during resentencing that he would be subject to mandatory postrelease control. We reject this contention, finding that the limited nature of the remand for resentencing did not require the court to resentence on those counts for which sentence had previously and properly been imposed.

**{¶2}** A jury found Lozada guilty of two counts of aggravated murder, each with one-year, three-year, and five-year firearm specifications; felonious assault, with one-year, three-year, and five-year firearm specifications; and tampering with evidence. We affirmed his conviction in *State v. Lozada*, 8th Dist. No. 94902, 2011-Ohio-823.

**{¶3}** Lozada then sought to reopen his appeal claiming, among other things, that appellate counsel was ineffective for failing to raise as error his sentence to two, five-year terms on firearm specifications — he claimed that those offenses were committed in connection with two felonies as part of the same act or transaction. We granted the application to reopen the appeal and, as relevant to this appeal, vacated Lozada's sentence in part with respect to the five-year firearm specification for the first murder count and the five-year firearm specification for the felonious assault count, and remanded the case for resentencing with instructions for the court to merge the five-year firearm

specifications.  *State v. Lozada*, 8th Dist. No. 94902, 2011-Ohio-823, *reopening granted*, 2012-Ohio-8, ¶ 12.

**{¶4}** On remand for resentencing on the firearm specifications, the court merged the five-year firearm specifications for the murder and felonious assault counts and reimposed the same sentences on the counts left undisturbed by the remand.

**{¶5}** Lozada argues that the court erred because it did not re-advise him of postrelease control.  An appellate court's vacation of some offenses does not "affect the validity of either the conviction or sentence ordered on those offenses that remained undisturbed in the first appeal."  *State v. Thomas*, 8th Dist. No. 97185, 2012-Ohio-2626, ¶ 2.  We addressed a similar issue to the one raised here by Lozada in *State v. Norris*, 8th Dist. No. 95485, 2011-Ohio-1795.  Norris was resentenced after the state conceded that two of her offenses were allied offenses of similar import.  Norris claimed on appeal from resentencing that the court erred by failing to again advise her that she would be subject to postrelease control.  We stated:

> We agree with the State's assertion that the trial court was not required to reimpose postrelease control at the resentencing hearing.  As the Ohio Supreme Court made clear in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, "a sentencing hearing on remand is limited to the issue found to be in error on the appeal." *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶16, citing *Saxon*. This court remanded solely for merger of the allied offenses and correction of the conviction entry regarding that issue.  Therefore, the three years mandatory postrelease control period imposed at Norris's original sentencing and set forth in the trial court's original conviction entry was still valid upon remand, and the trial court had no obligation to orally reimpose postrelease control.  *Id.* at ¶ 19.

**{¶6}** The court properly imposed postrelease control during Lozada's first sentencing, so that put the issue to an end.   The remand ordered in Lozada's previous appeal was for the sole purpose of merging firearm specifications, a mandate that the court carried out at resentencing.   The court had no duty to re-advise Lozada that he would be subject to   postrelease control.   The assigned error is overruled.

**{¶7}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.      A      certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MELODY J. STEWART, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
EILEEN A. GALLAGHER, J., CONCUR